THE PEOPLE *ex rel.* Charles H. Seeberger, Appellant, *vs.*
JAMES A. ROSE, Secretary of State, Appellee.

*Opinion filed April 18, 1912—Rehearing denied June 6, 1912.*

PUBLIC OFFICERS—*oral evidence not admissible to impeach records of Secretary of State.* The records of the Secretary of State
showing that a certain bill was received from the Governor, ac-
companied by his veto, cannot be impeached by oral testimony,
whether the proceeding seeking to attack such records is direct or
collateral. (*People* v. *McCullough*, 210 Ill. 488, adhered to.)

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit Court
of Sangamon county; the Hon. JAMES A. CREIGHTON,
Judge, presiding.

MILLARD R. POWERS, and GILLESPIE & FITZGERALD,
for appellant.

W. H. STEAD, Attorney General, and THOMAS E.
DEMPCY, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of
the court:

A petition was filed in the circuit court of Sangamon
county by the relator, a resident and tax-payer of this State,
praying that a writ of *mandamus* be issued commanding
James A. Rose, the Secretary of State, to strike out or
erase from page 21 of a book labeled "Executive Record

Illinois 15, Secretary's Office, 1907," the words, "together with the Governor's veto of said bill," and insert in lieu thereof, "without objections to said bill by the Governor." A general demurrer was filed on behalf of respondent and sustained by the court. The relator electing to stand by the petition, a final order was entered against him, and in favor of the respondent, for costs. Appeal was thereupon prayed and allowed to the Appellate Court for the Third District, where the judgment of the trial court was affirmed. A certificate of importance having been granted, this appeal followed.

From the allegations of the petition it appears that Senate Bill No. 286 was duly passed by both houses of the General Assembly and received by the Governor before the *sine die* adjournment of the General Assembly, June 4, 1909. The petition states that the record made in the Secretary of State's office as to this bill reads: "June 11, 1909, received and filed this day Senate Bill 286, relating to corporations organized for profit in this State and other States, together with the Governor's veto of said bill." The petition further alleges that this is not a fair record of the action of the Governor in connection with said bill; that if the said record spoke the truth it would show that on June 11, 1909, the Governor, by his executive clerk, filed this bill in the office of the Secretary of State, unsigned and unaccompanied by any endorsement, objection or veto, but that afterwards, on June 12, 1909, the Governor filed in the office of the Secretary of State a communication purporting to be a veto of the bill.

Under section 16 of article 5 of our State constitution the Governor must either approve and sign a bill or return it, with his objections, to the house where it originated, or if it is not so returned within ten days it shall become a law as if he had signed it, "unless the General Assembly shall, by their adjournment, prevent its return, in which case it shall be filed with his objections in the office of the

Secretary of State, within ten days after such adjournment, or become a law." Section 5 of chapter 124 of the Revised Statutes requires the Secretary of State "to keep a fair register of all the official acts of the Governor." (Hurd's Stat. 1909, p. 2079.) It is insisted by appellant that the record of the Secretary of State's office does not state the truth and is therefore not a "fair register." Manifestly, from the allegations of the petition, all intendments being taken most strongly against the pleader, the only official record in the Secretary of State's office, or any other place, as to the Governor's veto and the filing of the bill in the Secretary of State's office, is that quoted above. Not only from the pleadings, but from the arguments in the briefs, it is clear that the evidence relied upon to prove that the Governor sent the bill to the Secretary of State without a veto on June 11, 1909, and filed a veto on the following day, is oral and not record evidence. This court held in *Wabash Railway Co.* v. *Hughes & Selz,* 38 Ill. 174, that courts "can never receive oral proof that a law has been adopted or that any act essential to its validity has been performed." This rule has never been departed from in this State. In *People* v. *McCullough,* 210 Ill. 488, this court, after reviewing at length the authorities, quoted that rule with approval, stating (p. 517): "An act found in the office of the Secretary of State, duly authenticated, is presumed to have been duly passed. (Citing authorities.) It is equally true that a vetoed bill found in the Secretary of State's office, with proper record entries showing the filing of such bill accompanied by veto, is certainly proof that such bill did not become a law, in the absence of record evidence tending to show that it did become a law." In that case a petition for *mandamus* was filed praying that the Auditor be commanded to execute and deliver to the relator a warrant which it was alleged was authorized by a certain bill that had been passed by the legislature and signed by the Governor. The evidence, both record and oral, tending to show that the Gov-

ernor had sent the bill there in question to the Secretary of State's office with his approval and afterwards vetoed it was far stronger than we can assume, from the allegations of this petition, could be offered in the case at bar. The reasoning of that case must control here unless the decision is overruled or distinguished. Counsel for appellant seem to concede this and attempt to distinguish the case on the ground that there the correction of the record was attempted on a collateral issue by *mandamus* against the Auditor, while here the petition attempts to correct the record of the Secretary of State on a direct proceeding against the Secretary of State. The reasoning in *People* v. *McCullough* makes no such distinction as to the competency of oral evidence in direct and in collateral proceedings. No authorities have been cited, and we have found none, that attempt to make any such distinction. On principle and by the great weight of authority oral testimony is not admissible to impeach the records of the Secretary of State showing that a bill was received from the Governor marked as returned without approval and accompanied by a veto. See *Weeks* v. *Smith*, 81 Me. 538; *Sherman* v. *Story*, 30 Cal. 253; *Berry* v. *Railroad Co.* 41 Md. 446; *Pacific Railroad Co.* v. *Governor*, 23 Mo. 353; *Pangborn* v. *Young*, 32 N. J. L. 29; *Happel* v. *Brethauer*, 70 Ill. 166.

Our conclusion as to oral testimony not being admitted to impeach the records of the Secretary of State's office makes it unnecessary to decide the other questions raised and very fully and ably discussed in the briefs of counsel, such as whether the functions of the Secretary of State in recording the bills are ministerial or discretionary; whether "fair" in the statute in question means "truthful;" whether the writ of *mandamus* will ever lie to undo an act already done, and whether such writ should be refused in this case because the public interests require it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*